UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States, | No. 2:10-cr-00350-KJM-2 |
| Plaintiff, | ORDER |
| v. | |
| Christian Demitris Dotson, | |
| Defendant. | |

Christian Dotson moves for early termination of supervised release under 18 U.S.C. § 3583(e)(1).  Mot., ECF No. 104.  The government opposes.  Opp'n, ECF No. 105.  For the reasons below, the court **grants** Mr. Dotson's motion.

I.  BACKGROUND

In June 2011, following a grand jury indictment, *see* ECF No. 1, Mr. Dotson pled guilty to one count of sex trafficking of a minor by force, fraud or coercion in violation of 18 U.S.C. § 1591(a)(1), *see* Mins. (June 2, 2011), ECF No. 37; Plea Agreement, ECF No. 41.  In October, this court sentenced Mr. Dotson to 60 months in prison followed by 120 months of supervised release.  *See* Mins. (Oct. 6, 2011), ECF No. 58; *see also* J. & Commitment, ECF No. 65.

Mr. Dotson's term of supervised release began on January 30, 2015.  Mot. at 1.  In October 2022, he filed a motion for early termination of supervised release because he would like to participate in his children's school and after-school activities, as well as move out of

California. *Id.* at 2–3. The United States opposes his motion, claiming he does not meet his burden under § 3583(e)(1) and continued supervision will deter future criminal conduct. Opp'n at 6–7. The government also emphasizes the seriousness of his conviction. *Id.* at 6. Mr. Dotson replied and produced evidence of his rehabilitation. *See* Reply, ECF No. 106. He is now approaching his ninth year of supervision.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a court may terminate supervised release after one year of supervision if it is satisfied the "action is warranted by the conduct of the defendant and the interest of justice." The Ninth Circuit has held this provision's "expansive phras[ing]" provides the court with "discretion to consider a wide range of circumstances" in deciding whether to grant early termination. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The Circuit has clarified early termination does not require "exceptional or extraordinary circumstances" or "exceptionally good behavior," *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022), or a showing of undue hardship, *Emmett*, 749 F.3d at 821.

In deciding whether to grant early termination, the court is guided by the factors provided in 18 U.S.C. §§ 3553(a)(1)–(a)(7), which concern "'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States v. Weintraub*, 371 F. Supp. 2d 164, 166 (D. Conn. 2005) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). It is the offender's burden to demonstrate the propriety of early termination. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

Under the federal judiciary's administrative policies, "there is a presumption in favor of recommending early termination for persons who meet [certain] criteria" after 18 months of supervision. *Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 360.20(c), "Early Termination" (rev'd 2018).[1] These criteria include:

> 1. The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. sec. 994(h)) or has not committed a sex offense or engaged in terrorism; 2. The person

---

[1] Available at https://jnet.ao.dcn/sites/default/files/pdf/Vol8E.pdf (last accessed January 12, 2023).

2

> presents no identified risk of harm to the public or victims; 3. The person is free from any court-reported violations over a 12-month period; 4. The person demonstrates the ability to lawfully self-manage beyond the period of supervision; 5. The person is in substantial compliance with all conditions of supervision; and 6. The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*Id.* After 18 months, "higher risk persons under supervision who have demonstrated a reduction in risk (as demonstrated by a reduction in PCRA level/category) and who are in substantial compliance with the [above factors] must be considered for early termination." *Id.* at § 360.20(d).

### III.   ANALYSIS

Even though Mr. Dotson qualifies as a higher risk person under § 360.20(d), he has met his burden to show why early termination of supervised release is appropriate here. Over the past eight years, he has maintained employment. Mot. at 2. Over the past two and a half years, he has lived at the same residence in Sacramento with his partner of seven years and his four-year-old son. Reply at 4. He also has frequent contact with his youngest daughter. Mot. at 2. He seeks early termination because he wants to participate in his children's schools and move his family outside California, Mot. at 2–3, although moving might limit his potential involvement with his daughter's school if she remains in California. His continued employment, family involvement, and "extreme[] remorse[]" for his offense demonstrate his rehabilitation. *Id.* at 3. Moreover, over the past eight years of supervision, Mr. Dotson has not had a single formal or informal violation. *Id.* at 2. At this point, the Probation Office is no longer providing him with any services. *Id.* at 5. Probation has not registered any opposition to the court's granting Mr. Dotson's request.

The government's opposition rests on three arguments, which the court addresses in turn. *First*, the government claims Mr. Dotson has not met his burden to justify early termination because he offers no new circumstances, lacks stable community reintegration, had an aggravated role in the offense and has a history of sexual violence. *See* Opp'n at 6. Although the government insists Mr. Dotson has not identified changed circumstances, the court finds otherwise; moreover, defendants seeking early termination do not need to justify their request by

3

pointing to undue hardship caused by supervised release. *See Emmett*, 749 F.3d at 821. Even if they did, Mr. Dotson does explain one important motivation for early termination: involvement with his children's schools and after-school activities. The totality of the record suggests he has earned the opportunity to seek such involvement lawfully, notwithstanding the seriousness of his past conviction offense and subject to applicable federal, state and local laws regarding registered sex offenders. Further, the court finds both the § 3553 factors and the judicial conference guidance favor early termination. At this point, there is no indication Mr. Dotson presents an "identified risk of harm" to any other person. *Guide to Judiciary Policy* § 360.20(d). Mr. Dotson has complied with all terms of his supervised release since being released from custody in January 2015. Mot. at 1. Specifically, he is in "substantial compliance with all conditions of supervision," and is engaging in "appropriate prosocial activities and receiv[ing] sufficient prosocial support to remain lawful" once his term of supervision ends, including maintaining employment, housing and healthy relationships with his partner and children. *Guide to Judiciary Policy* § 360.20(d). Mr. Dotson worked a series of jobs after he was released from prison, and he pursued and graduated from the 1,500-hour training program at Molen Barber College in San Pablo, California, in 2018. Reply at 4; *see also* Diploma, ECF No. 106-4. Since graduating, he has made a living as a barber. *Id.* As noted, he lives with his long-term partner and his four-year-old son. *Id.*; *see also* Phanor Letter, ECF No. 106-6. For all these reasons, Mr. Dotson has "demonstrated a reduction in risk" as is required for "higher risk persons." *Id.* Moreover, his PCRA assessments confirm a substantial reduction in risk. The Probation Office reports Mr. Dotson scored in the Moderate category when he was initially released from federal custody, and he was supervised initially at the High risk level. Over the years, his risk level has dropped to Low risk, the lowest PCRA category.

The government's *second* argument against early termination focuses on the § 3553 factors, claiming Mr. Dotson's egregious offense conduct warrants denial. Opp'n at 6. Mr. Dotson does not deny the egregiousness of his conduct. He is "extremely remorseful for his original offense and understands the serious nature" of his prior actions. Mot. at 3. The court's analysis takes account of the applicable sentencing factors set out in 18 U.S.C. § 3553, including

the forward-looking factors of rehabilitation, deterrence and public safety, without focusing solely on the severity of a defendant's past crimes.  Focusing on these factors, taking account of the fact Mr. Dotson committed a sex offense, the record before this court indicates very substantial compliance with all requirements imposed on him as a consequence, including full compliance with all federal, state and local laws.  As explained above, Mr. Dotson has shown meaningful rehabilitation through his continued employment, enhanced education and family commitments.  Probation has no further services to offer Mr. Dotson at present, and as noted, the record reflects no reason to not grant early termination.

*Lastly*, the government opposes early termination because continued supervision would purportedly deter Mr. Dotson from committing future sex crimes; the government also notes Mr. Dotson's refusal to seek transfer of supervision to the new jurisdiction where he plans to reside.  Opp'n at 6.  Given that the federal Probation had determined there are no further services it needs to provide Mr. Dotson, it is not apparent how continued supervision would make a difference in Mr. Dotson's conduct in the community.  Moreover, Mr. Dotson is obligated to register as a sex offender, and he understands he must continue to comply with the applicable law.  Mot. at 6.

In sum, the court does not discount the egregious nature of Mr. Dotson's conviction offenses, but it finds the record as a whole reflects Mr. Dotson has meaningfully rehabilitated himself.  Furthermore, the relevant legal factors weigh in favor of termination of supervised release.

## IV.   CONCLUSION

The court **grants** Mr. Dotson's motion for early termination of supervised release.

This order resolves ECF No. 104.

IT IS SO ORDERED.

DATED: January 18, 2023.

CHIEF UNITED STATES DISTRICT JUDGE